UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BAYLOR COLLEGE OF MEDICINE** § § § § | |
| **v.** § § § | **CIVIL ACTION NO._____** |
| **NEOTHERMA ONCOLOGY, INC. FORMERLY KNOWN AS AKESOGENX CORP.** § § § | |

## COMPLAINT

Plaintiff Baylor College of Medicine (Baylor) files this complaint against defendant NeoTherma Oncology, Inc., formerly known as Akesogenx Corp. (NeoTherma).

## Parties

1. Baylor is a Texas nonprofit institution with its principal place of business in Houston, Texas.

2. NeoTherma is a Delaware corporation with its principal place of business in Kansas. NeoTherma may be served by service of process upon its registered agent at the following address: United States Corporation Agents, Inc., 300 Delaware Ave., Suite 210-A, Wilmington, DE 19801.

425851.2                                                1

**Jurisdiction and Venue**

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court has jurisdiction over this dispute under 18 U.S.C. §1332.

4. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Furthermore, this claim arises from and relates to a contract between Baylor and NeoTherma. The contract states that disputes between the parties shall be governed by Texas law and identifies Harris County, Texas, as the location of the work performed under the contract. Accordingly, venue is proper in this district under 18 U.S.C. §1391.

**Background**

5. Baylor is a health sciences university located in the Texas Medical Center. Baylor was established in 1900 and is one of the premier medical research institutions in the world.

6. NeoTherma holds itself out as a developmental stage medical device/therapeutic company dedicated to bringing novel treatments for malignant solid tumors to the global medical market.

7. Baylor and NeoTherma are parties to a Sponsored Research Contract. The purpose of the contract was to fund and conduct cancer research at Baylor. The contract had a three year term, commencing in June 2015.

8. Steven Curley, M.D., a renowned surgeon and scientist specializing in providing surgical care for patients with hepatobiliary and pancreatic malignancies, was identified as the Principal Investigator to lead the research team.

9. Under the terms of the contract, NeoTherma (as Sponsor) was obligated to fund the research. The contract's payment provision provides as follows:

> The Sponsor shall pay Baylor the Project Funds, in the Following manner: on or within fifteen days of the Effective Date, the Sponsor shall pay Baylor 1/3 of the estimated costs set forth in Exhibit B for the fiscal year commencing on June 1, 2015. Thereafter, Sponsor shall pay 1/36 of the estimated costs for each calendar month commencing on July 1, 2016….

Contract §3.1.

10. The contract provides for estimated costs in the amount of $9,264,166. Therefore, NeoTherma was obligated to pay Baylor $3,088,055 ($9,264,166 times 1/3) by July 15, 2015. Instead of paying this amount, NeoTherma wired Baylor $813,243, leaving a deficiency in the amount of $2,274,812. Baylor has made demand for this amount, but NeoTherma has refused to pay.

11. NeoTherma sent a letter providing notice of its intent to terminate the contract. In response, Baylor denied the factual basis for NeoTherma's notice of termination, but likewise asserted that the contract was terminated due to NeoTherma's prior material breach of contract. Regardless of who called it off, it is undisputed that the contract is terminated.

## Causes of Action

### Breach of Contract

12. NeoTherma has failed to comply with the contract by failing to make all payments due in a timely manner. As a result of NeoTherma's breach of contract, Baylor seeks to recover actual damages in an amount exceeding this Court's minimum jurisdictional limits.

### Attorney's Fees

13. Baylor also seeks to recover its attorney's fees. Baylor is represented by an attorney and has presented its claim for payment, but NeoTherma has failed to pay all sums due under the contract. In accordance with TEX. CIV. PRAC. & REM. CODE §§38.001-38.006, Baylor seeks to recover all attorney's fees incurred in connection with this matter.

### Jury Demand

14. Baylor demands a jury trial.

### Conclusion

15. Plaintiff Baylor College of Medicine asks that defendant NeoTherma Oncology, Inc., be cited to appear and answer and that plaintiff be awarded a judgment against defendant and recover as follow: actual damages, attorney's fees, prejudgment and postjudgment interest as provided by law, costs of suit, and for such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

**HALL MAINES LUGRIN, P.C.**

/s/  William P. Maines
William P. Maines
Attorney-in-Charge
Texas Bar No. 12849700
Southern District of Texas Bar No. 7159
wmaines@hallmaineslugrin.com
Jeffrey T. Bentch
Texas Bar No. 24055160
Southern District of Texas Bar No.  914341
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas  77056-6125
Telephone: (713) 871-9000
Facsimile: (713) 871-8962